UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>JAMES CLAIRMONT,<br><br>              Defendant. | Civil Action No. 3:19-cv-00999-VLB<br><br><br>**JUDGMENT**<br>**AND PERMANENT INJUNCTION**<br>**AGAINST JAMES CLAIRMONT** |

       THIS CAUSE is before the Court on the pleadings. Having considered the pleadings, being otherwise duly advised in the premises, and good cause appearing, the Court hereby

       **FINDS**:

1.     The address of Plaintiff is:

    30700 Russell Ranch Road, Suite 250, Westlake Village, CA, 91362

    The name and address of Defendant is:

    James Clairmont

    11 North Street

    Ansonia, CT 06401

2.     This Court has jurisdiction over the subject matter of this case and the parties.

3.     Venue is proper in this District.

4.     The Amended Complaint, Dkt. 3, states claims for direct copyright infringement, in violation of 17 U.S.C. § 101.

5.     Defendant has Answered Plaintiff's Amended Complaint in this action. Dkt. 32.

6. Defendant is not a minor, incompetent person or in active military service.

7. In his Answer, Defendant has admitted that he used the BitTorrent application and downloaded Plaintiff's copyrighted works, thereby admitting liability for copyright infringement under the Copyright Act. Dkt. 32.

8. Under Count I of the Amended Complaint, Defendant is hereby found liable to Plaintiff for willfully committing direct copyright infringement.

9. Defendant will continue to cause Plaintiff irreparable injury. Specifically, there is an existing threat of continued violations of Plaintiff's exclusive rights to reproduce, distribute, perform and display the six (6) copyrighted works listed at Dkt. 3-2 (the "Works") through Defendant's use of the BitTorrent protocol to download the Works from peer users without authorization from Plaintiff.

11. There will be no injury to Defendant caused by entry of a permanent injunction requiring Defendant to cease infringing Plaintiff's Works.

12. Entry of a permanent injunction against Defendant will not disserve the public interest; in fact "the public interest is served by an injunction that protects copyrights and helps enforce federal law." *Adobe Sys. v. Feather*, 895 F. Supp. 2d 297, 302, 304 (D. Conn. 2012).

13. In accordance with Rule 65(d), Federal Rules of Civil Procedure, this Default Judgment shall be binding upon Defendant and all other persons in active concert or participation with Defendant who receives actual notice of this Default Judgment.

14. Plaintiff avers that Plaintiff expended a total of $475.00 in costs, which amount this Court finds reasonable.

Based on the foregoing findings, it is:

**ORDERED AND ADJUDGED** that Defendant James Clairmont:

a) shall pay to Plaintiff the sum of $9,000.00 in statutory damages, as authorized under 17 U.S.C. § 504(c)(1), and $475.00 costs, as authorized under 17 U.S.C. § 505, making a total of $9,475.00 **for which let execution issue forthwith**;

b) be and hereby is enjoined from directly, contributorily or indirectly infringing Plaintiff's rights under federal or state law in the Works, including, without limitation, by using the internet, BitTorrent or any other online media distribution system to reproduce (e.g., download) or distribute the Works, or to make the Works available for distribution to the public, except pursuant to a lawful license or with the express authority or Plaintiff; and

c) Be and is hereby ordered to destroy all copies of Plaintiff's works that the Defendant James Clairmont has downloaded onto any computer hard drive or server without Plaintiff's authorization, and shall destroy all copies of the Works transferred onto any physical medium or device in Defendant James Clairmont's possession, custody, or control.

**DONE AND ORDERED** this 30th day of July, 2020.

By:

_____/s/_____

**Vanessa Lynne Bryant**
**UNITED STATES DISTRICT JUDGE**

3